DECISION AND JUDGMENT ENTRY
This accelerated appeal is before the court on appeal from a decision and judgment entry of the Lucas County Court of Common Pleas denying appellant's motion for modification of sentence.
On August 19, 1996, appellant was indicted for one count of aggravated robbery, a first degree felony in violation of R.C. 2911.01(A)(1) and (B), with a firearm specification pursuant to R.C. 2941.145. Appellant was also indicted for one count of retaining stolen property, a fifth degree felony in violation of R.C. 2913.51, to which appellant pled guilty.
On January 21, 1997, appellant was charged by information with robbery, a third degree felony in violation of R.C. 2911.02(A)(3). Appellant pled guilty to the lesser offense of attempted robbery, a fourth degree felony in violation of R.C. 2923.02 and 2911.02(A)(3).
On March 6, 1997, appellant was indicted for two counts of robbery, a second degree felony in violation of R.C. 2911.02(A)(2), and one count of receiving stolen property, a fourth degree felony in violation of R.C.2913.51. Appellant pled guilty to one count of robbery, and pled guilty pursuant to North Carolina v. Alford (1970), 400 U.S. 25 to the other count of robbery.
Appellant was sentenced in all three cases on June 27, 1997 to one year imprisonment for retaining stolen property, to be served concurrently with a one-year sentence for attempted robbery. In addition, appellant received seven years imprisonment for each of the two robbery counts he pled to, with the sentences to be served concurrently to one another, but consecutively with the one-year sentences, for a total of eight years incarceration.
The record in this case does not contain any documentation of a direct appeal by appellant. However, the record reveals that appellant filed a motion for modification of sentence on September 19, 2000. In that motion, appellant claimed the trial court should have sentenced him to the minimum prison term for a second degree felony[1] because the court did not make the requisite findings contained in R.C. 2929.14 for imposition of a longer term. The trial court denied appellant's motion on September 28, 2000.
Appellant filed a notice of appeal from this judgment entry on October 25, 2000, listing all three cases. This court consolidated the appeals pursuant to App.R. 3(B). Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "WHETHER THE STATUTORY REQUIREMENTS ENUNCIATED BY AND THROUGH O.R.C. § 2929.14(B) REQUIRING IMPOSITION OF *A [sic] MINIMUM TERM FOR FELONY CASES CAN BE CONSTITUTIONALLY *EXCEEDED [sic] BY A COURT IN THE ABSENCE OF SPECIFIC FINDINGS' [sic] "ON THE RECORD" THAT THE SHORTEST TERM WILL DEMEAN THE SERIOUSNESS OF THE OFFENDER'S [sic], *WILL [sic] NOT ADEQUATELY PROTECT THE PUBLIC FROM FUTURE CRIME [BY THE OFFENDER]; AND, WHERE THE OFFENDER HAD NOT `PREVIOUSLY SERVED' A [sic] PRISON TERM."
"ASSIGNMENT OF ERROR NO. 2
 "WHETHER O.R.C. § 2929.14(B) *IS [sic] UNCONSTITUTIONAL IN LIGHT OF THE UNITED STATES SUPREME COURT HOLDING IN: Apprendi v. New Jersey, U.S. No. 99-658, June 26, 2000."
Although appellant termed it a motion for modification of sentence, the motion appellant filed in the trial court is really a petition for postconviction relief. See State v. Kinion (Sept. 30, 1997), Wood App. WD-97-026, unreported. Under R.C. 2953.21(A)(2), a postconviction relief petition must be filed within one hundred eighty days after "the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
Because appellant's convictions occurred in 1997, and he did not file his petition for postconviction relief until September 19, 2000, his petition for postconviction relief is untimely. As to a petition which is untimely, R.C. 2953.23(A) provides:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
While R.C. 2953.23 provides an exception to the filing deadline, a careful review of the record shows that it is not applicable to the facts of this case. Therefore, we find that appellant's postconviction relief petition was untimely and the trial court properly dismissed it.
Accordingly, appellant's assignments of error are moot. This appeal is hereby dismissed. Appellant is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., CONCUR.
 ____________________________ Melvin L. Resnick, J.
JUDGE
[1] Appellant bases his argument on the robbery convictions, both second degree felonies, and does not dispute the fourth and fifth degree felonies for which he was also charged.